IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRIAN K. DUNN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * | |
| HONEYWELL INTERNATIONAL, INC., | * | |
| EMS TECHNOLOGIES, INC., and | * | |
| EMS DEFENSE TECHNOLOGIES, INC., | * | |
| | * | |
| | * | **JURY TRIAL DEMAND** |
| Defendants. | * | |

**COMPLAINT**

Comes now, the above-named Plaintiff, and files his Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of wage and overtime violations and retaliation.  In addition, this is an action under Georgia law for breach of contract, or, in the alternative, quantum meruit, and for litigation expenses and attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the Plaintiff's Georgia state law claims.

4.

Defendant Honeywell International, Inc. (hereinafter referred to as "Honeywell") is an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

5.

Defendant EMS Technologies, Inc. (hereinafter referred to as "EMS") is an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

6.

Defendant EMS Defense Technologies, Inc. (hereinafter referred to as "EMS Defense") is an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

7.

Defendant Honeywell is an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

8.

Defendant EMS is an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

9.

Defendant EMS Defense is an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

10.

Plaintiff is an "employee" of Defendant Honeywell, EMS, and/or Defendant EMS Defense as defined by 29 U.S.C. § 203(e).

11.

Defendant Honeywell, EMS, and/or Defendant EMS Defense are subject to the wage and hour and overtime provisions under the FLSA.

12.

Defendant Honeywell is a Delaware corporation doing business within the State of Georgia, maintaining its registered agent, Corporation Service Company, with a registered address at 40

Technology Parkway South, #300, Gwinnett County, Norcross, Georgia, 30092.

13.

This Court has personal jurisdiction over Defendant Honeywell.

14.

Defendant EMS is a Georgia corporation doing business within the State of Georgia, maintaining its registered agent, Corporation Service Company, with a registered address at 40 Technology Parkway South, #300, Gwinnett County, Norcross, Georgia, 30092.

15.

This Court has personal jurisdiction over Defendant EMS.

16.

Defendant EMS Defense is a Georgia corporation doing business within the State of Georgia, maintaining its registered agent, Corporation Service Company, with a registered address at 40 Technology Parkway South, #300, Gwinnett County, Norcross, Georgia, 30092.

17.

This Court has personal jurisdiction over Defendant EMS Defense.

**VENUE**

18.

Defendant Honeywell's registered agent resides within the Atlanta Division of the Northern District of Georgia as defined by 28 U.S.C. § 1391(c)(2).

19.

Defendant Honeywell operates its business within the Northern District of Georgia.

20.

Defendant EMS's registered agent resides within the Atlanta Division of the Northern District of Georgia as defined by 28 U.S.C. § 1391(c)(2).

21.

Defendant EMS operates its business within the Northern District of Georgia.

22.

Defendant EMS Defense's registered agent resides within the Atlanta Division of the Northern District of Georgia as defined by 28 U.S.C. § 1391(c)(2).

23.

Defendant EMS Defense operates its business within the Northern District of Georgia.

24.

All actions alleged herein against Defendants occurred within the Atlanta Division of the Northern District of Georgia.

25.

Venue in the Atlanta Division of the Northern District of Georgia is proper for Defendants under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

26.

Plaintiff is a citizen of the United States who resides in Cherokee County, Georgia.

27.

From approximately November of 1978 until the present, or approximately forty (40) years, the Plaintiff has been working for Defendants in mechanical maintenance or machinist positions in the State of Georgia.

28.

Defendant Honeywell operates its technology business in the State of Georgia and may be served with summons and process by service upon its registered agent, Corporation Service Company, at 40 Technology Parkway South, #300, Gwinnett County, Norcross, Georgia, 30092.

29.

Defendant EMS operates its technology business in the State of Georgia and may be served with summons and process by service upon its registered agent, Corporation Service Company, at 40 Technology Parkway South, #300, Gwinnett County, Norcross, Georgia, 30092.

30.

Defendant EMS Defense operates its technology business in the State of Georgia and may be served with summons and process by service upon its registered agent, Corporation Service Company, at 40 Technology Parkway South, #300, Gwinnett County, Norcross, Georgia, 30092.

**FACTS**

31.

Defendant Honeywell, EMS, and/or Defendant EMS Defense operate their technology companies, which includes the design and manufacture of wireless, satellite and defense solutions, and develops advanced technology microwave systems for military and space applications.

32.

Defendant EMS Defense and/or Defendant EMS are headquartered in Norcross, Georgia and provide their technology business to various agencies of the United States government, including the Department of Defense and NASA.

33.

Defendant EMS Defense and/or Defendant EMS also provide their technology business to various private companies, including Boeing, Lockheed-Martin Corporation, Northrop Grumman Corporation, Raytheon, Alcatel, Alenia, Astrium, Harris, ITT, Elisra, and LiveTV.

34.

Defendants collectively control, oversee, and direct their day-to-day operation, including the terms and conditions of the Plaintiff's employment compensation.

35.

Defendant Honeywell's operational control includes establishing the FLSA classification of employees, including the FLSA classification of the Plaintiff's position.

36.

From approximately November of 1978 until August of 2011, or approximately thirty-three (33) years, the Plaintiff began working for Defendant EMS and/or Defendant EMS Defense in mechanical maintenance or machinist positions.

37.

Other than at the time of Plaintiff's initial employment, the Plaintiff has been classified by Defendant EMS and/or Defendant EMS Defense as an FLSA exempt employee.

38.

On approximately August 22, 2011, Defendant Honeywell acquired Defendant EMS and/or Defendant EMS Defense.

39.

Since approximately August 22, 2011, Defendant Honeywell has been the parent company of Defendant EMS and/or Defendant EMS Defense.

40.

In approximately October of 2011, Defendant Honeywell engaged in a position audit and concluded that the Plaintiff's position holding a title of Production Supervisor was properly classified as exempt.

41.

In approximately November of 2011, the Plaintiff told Frank Cannizzaro – Vice President, and Mike Robertson – Human Resource Manager, that he disagreed that his position was exempt and that he was not engaged in supervising employees or production.

42.

In approximately November of 2011, Robertson told the Plaintiff that he was exempt as a "professional" and to "keep his mouth shut."

43.

The Plaintiff's primary duties as a Production Supervisor consist of manual labor by performing maintenance and repair work of mechanical machinery.

44.

The Plaintiff's duties as a Production Supervisor do not consist of supervising two (2) or more employees.

45.

In his position, the Plaintiff performs non-exempt duties as defined by the FLSA.

46.

Since August of 2011 to the present, the Plaintiff has routinely worked greater than forty (40) hours per week.

47.

Since August of 2011 to the present, the Plaintiff has been required to be "on-call" predominantly for the benefit of Defendants, but the Plaintiff has not been paid for being "on call."

48.

From approximately August of 2011 until April 20, 2018, the Plaintiff has been paid a salary, and has not been paid for hours worked in excess of forty (40) hours each week.

49.

From approximately August of 2011 until April 20, 2018, the Plaintiff has not been paid overtime wages for the hours that he worked in excess of forty (40) hours per week.

50.

Throughout his employment, the Plaintiff continued to complain to Defendants that he was not properly classified as exempt under the FLSA, but Defendants failed to correct the Plaintiff's FLSA classification.

51.

On or about October 25, 2017, the Plaintiff again complained to Defendants via an email to Defendant Honeywell's HR Help center.

52.

On or about October 25, 2017, Esther Saldana in Defendant Honeywell's HR Help center began to investigate the Plaintiff's complaint.

53.

On or about April 20, 2018, approximately six (6) months later, George Assoian – Honeywell Norcross Site Leader, and Randy Gaytan – Honeywell Norcross Human Resource Generalist, met with the Plaintiff and admitted that the Plaintiff had been misclassified as exempt under the FLSA.

54.

On or about April 20, 2018, Assoian and Gaytan further advised the Plaintiff that he was being changed to an exempt hourly Maintenance Mechanic IV position at a lower hourly rate than his previous hourly rate, and that he would never receive a pay increase again.

55.

On or about April 20, 2018, Assoian and Gaytan further discussed with the Plaintiff prior erroneous allegations of theft by the Plaintiff for which the Plaintiff had been absolved from any wrongdoing on August 8, 2017.

56.

Throughout the Plaintiff's employment, Defendants have maintained policies and/or an employee handbook promising that the Plaintiff will be paid in accordance with the FLSA.

57.

The Plaintiff's duties are not FLSA exempt duties.

58.

Defendants have failed to comply with the FLSA and pay the Plaintiff for all hours worked and for overtime, despite fully knowing that their actions are in violation of the FLSA.

59.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

60.

Plaintiff is due retroactive payments and liquidated damages for all hours worked and for overtime wages for hours worked beyond forty (40) hours per week.

**COUNT ONE:   FLSA FAILURE TO PAY FOR ALL HOURS WORKED**

61.

Plaintiff incorporates herein paragraphs 1 through 60 of his Complaint.

62.

The Plaintiff was not paid for all hours worked each day.

-13-

63.

The job duties performed by Plaintiff are not exempt job duties under the FLSA.

64.

Defendants have failed to pay Plaintiff the regular rate of pay for all hours worked, in violation of 29 U.S.C. § 206.

65.

Defendants' conduct entitles Plaintiff to the amount of the hours he worked for which he has not been paid.

66.

Defendants have failed to comply with the FLSA, despite fully knowing that they are in violation of the FLSA.

67.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

**COUNT TWO:  FLSA FAILURE TO PAY OVERTIME WAGES**

68.

Plaintiff incorporates herein paragraphs 1 through 67 of his Complaint.

69.

The job duties performed by Plaintiff while employed with Defendants are not exempt job duties under the FLSA.

70.

Defendants have failed to pay Plaintiff one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

71.

Defendants' conduct entitles Plaintiff to the amount of his unpaid overtime compensation.

72.

Defendants have failed to comply with the FLSA, despite fully knowing that they are in violation of the FLSA.

73.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

**COUNT THREE:   FLSA RETALIATION**

74.

Plaintiff incorporates herein paragraphs 1 through 73 of his Complaint.

75.

The Plaintiff engaged in statutorily protected activity as defined by 29 U.S.C. § 215 by complaining that he was not being paid for hours worked and overtime as required by the FLSA.

-15-

76.

In response, Defendants reduced the Plaintiff's hourly rate, told him he would never receive a pay increase again, and attempted to intimidate him with threats of alleged theft by the Plaintiff.

77.

Defendants' actions are in retaliation for the Plaintiff's statutorily protected complaints in violation of 29 U.S.C. § 215(3), and have caused the Plaintiff emotional distress.

78.

Defendants' conduct entitles Plaintiff to all legal and equitable relief provided for under 29 U.S.C § 216(b), including, but not limited to, the reduction in pay and compensatory and emotional distress damages.

**COUNT FOUR:  FLSA LIQUIDATED DAMAGES**

79.

Plaintiff incorporates herein paragraphs 1 through 78 of his Complaint.

80.

Defendants' conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiff to liquidated damages pursuant to 29 U.S.C. § 260.

**COUNT FIVE:   BREACH OF CONTRACT**

81.

Plaintiff incorporates herein paragraphs 1 through 80 of his
Complaint.

82.

Throughout the Plaintiff's employment, Defendants have
maintained policies and/or an employee handbook promising that the
Plaintiff will be paid in accordance with the FLSA.

83.

Despite this agreement, Defendants have failed to pay the
Plaintiff in accordance with the FLSA.

84.

Defendants violated the contract with the Plaintiff by
refusing to pay him for all hours worked.

85.

Defendants violated the contract with the Plaintiff by
refusing to pay him for overtime for hours worked in excess of
forty (40) hours in a week.

**COUNT SIX:   QUANTUM MERUIT**

86.

Plaintiff incorporates herein paragraphs 1 through 85 of his
Complaint.

87.

The Plaintiff provided services for Defendants by working hours as required by Defendants.

88.

The services provided by Plaintiff were valuable to Defendants.

89.

Defendants accepted and benefited from the services provided by Plaintiff on behalf of Defendants.

90.

Defendants' receipt of Plaintiff's services without compensation would be unjust.

91.

Defendants promised to pay Plaintiff the reasonable value for these services.

92.

Plaintiff expected to be compensated for the services he provided Defendants.

93.

Plaintiff is entitled to recover from Defendants the reasonable value of the services that he provided on behalf of Defendants.

**COUNT SEVEN:   COSTS AND ATTORNEYS' FEES**

94.

Plaintiff incorporates herein paragraphs 1 through 93 of his Complaint.

95.

Defendants have refused to comply with the terms of the Plaintiff's contract with Defendants.

96.

During his employment, the Plaintiff advised Defendants that he needed to be paid in accordance with the FLSA.

97.

To date, Defendants have failed to pay the Plaintiff the monies owed to him.

98.

Defendants have breached the agreement with the Plaintiff by failing to pay the Plaintiff monies owed to him.

99.

As a result, the Plaintiff has been forced to file this action.

100.

The actions of Defendants have been made in bad faith and have caused the Plaintiff unnecessary trouble and expense, such as

to authorize the imposition of an award of litigation expenses and attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

101.

Wherefore, the Plaintiff prays for a judgment as follows:

1.  That the Court grant full back pay for unpaid hourly wages and overtime wages owed to the Plaintiff;

2.  That the Court grant Plaintiff liquidated damages under the FLSA;

3.  That the Court grant Plaintiff compensatory damages;

4.  That the Court grant Plaintiff pre-judgment interest;

5.  That the Court reinstate his prior hourly rate and grant all back pay owed;

6.  That the Court find that Defendants willfully violated the FLSA so that a three (3) year limitation period applies to this case;

7.  That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA and/or O.C.G.A. § 13-6-11;

8.  That the Court grant Plaintiff a jury trial;

9.  That the Court hold the Defendants jointly and severally liable;

10. That the Court grant Plaintiff all other relief the Court

    deems just and proper; and

11. That the Court grant temporary, preliminary, and

    permanent injunctive relief prohibiting Defendants from

    engaging in further violations of the FLSA.

Respectfully submitted this 17th day of May 2018.

                              **THE REDDY LAW FIRM, P.C.**

                              s/K. Prabhaker Reddy
                              K. PRABHAKER REDDY
                              Attorney for Plaintiff
                              Georgia Bar No. 597320
                              THE REDDY LAW FIRM, P.C.
                              1325 Satellite Boulevard
                              Suite 1506
                              Suwanee, Georgia 30024
                              Telephone: (678) 629-3246
                              Facsimile: (678) 629-3247
                              Email: kpr@reddylaw.net